UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BINGHAM** | **CIVIL ACTION** |
| **VERSUS** | |
| **TRAVELERS INDEMNITY INS. COMPANY, ET AL.** | **NO. 19-450-JWD-RLB** |

## ORDER

Before the Court is Plaintiff's Motion to Compel (R. Doc. 23) filed on July 30, 2020. The motion is opposed. (R. Doc. 25).

Also before the Court is Plaintiff's Motion to Set Hearing (R. Doc. 25) filed on August 20, 2020.

**I.    Background**

On or about June 7, 2019, Christopher Bingham ("Plaintiff") initiated this personal injury action involving a motor vehicle collision, naming as defendants Travelers Indemnity Insurance Company and Austin Kenney. (R. Doc. 1-5).  Travelers Indemnity Company of Connecticut ("Travelers Connecticut"), asserting it was incorrectly named Travelers Indemnity Insurance Company in the Petition, removed the action on July 10, 2019. (R. Doc. 1).

On April 27, 2020, Plaintiff received a "Stipulation of Coverage" signed by defense counsel providing that "Austin Kenney is covered as an insured under the Travelers Indemnity Company of Connecticut policy of insurance issued to Smith Sawmill Service, LLC, bearing policy number BA-4J161133-18-CAG." (R. Doc. 23-3 at 1).  Plaintiff also received a "Stipulation of Liability" signed by defense counsel providing that "Austin Kenney was operating within the course and scope of his employment with Smith Sawmill at the time of the

motor vehicle accident that occurred on July 2, 2018, including Plaintiff, Christopher Bingham and Defendant, Austin Kenney." (R. Doc. 23-3 at 2).

On May 8, 2020, Plaintiff filed a Motion for Leave to File Amended, Restated, and Supplemental Complaint for Damages. (R. Doc. 10). Among other things, Plaintiff sought leave to allege that Mr. Kenney's employer, Smith Sawmill Service, LLC ("Smith Sawmill"), was negligent in hiring, training, and supervising Mr. Kenney. Travelers Connecticut and Mr. Kenney opposed amendment to name Smith Sawmill on the basis that Plaintiff could not maintain a direct negligence claim against Mr. Kenney's employer "after the employer has admitted that the employee was in the course and scope of employment at the time of the alleged conduct." (R. Doc. 13 at 2).

On May 12, 2020, Plaintiff received a "Stipulation of Coverage" signed by defense counsel providing that "Austin Kenney is covered as an insured under the Travelers Indemnity Company of Connecticut policy of insurance issued to Smith Sawmill Service, LLC, bearing policy number CUP-4J166189" (R. Doc. 23-3 at 3).

On May 20, 2020, the Court granted Plaintiff leave to amend and name as defendants Smith Sawmill, its insurer Travelers Indemnity Company of America ("Travelers America"), and Travelers Connecticut. (R. Doc. 14). With respect to the addition of Smith Sawmill, the Court specifically stated that whether Plaintiff's direct negligence claims against Smith Sawmill have merit is best resolved in the context of a dispositive motion before the district judge and that amendment was otherwise appropriate to allege a claim of vicarious liability. (R. Doc. 14 at 5). Noting that Plaintiff was also seeking an extension of the discovery deadlines to depose Mr. Kenney and Smith Sawmill, the Court extended the deadline to complete non-expert discovery to July 31, 2020. (R. Doc 14 at 5-6).

Plaintiff's counsel made various attempts to schedule the deposition of both Mr. Kenney and Smith Sawmill after amendment and prior to the extended deadline to complete non-expert discovery prior to filing the instant motion. (R. Doc. 23-4 at 4-11). Plaintiff represents that Defendants objected to the foregoing depositions in light of the stipulations of coverage and liability. (R. Doc. 23-1 at 4). Plaintiff argues that notwithstanding the stipulations he should be allowed to depose Mr. Kenney because he may be a witness at trial, Defendants have not stipulated that they are 100% at fault, Mr. Kenney may testify on the nature and extent of the damages and injuries, and the deposition is appropriate to determine his credibility and why the crash occurred. (R. Doc. 23-1 at 5). Plaintiff further argues that he is entitled to take the corporate deposition of Smith Sawmill to prove his independent negligence claims against Mr. Kenney's employer. (R. Doc. 23-1 at 6-8).

In opposition, Defendants argue that the stipulations should narrow the issues to damages and, accordingly, moot the necessity for the depositions of Mr. Kenney and Smith Sawmill, which Plaintiff is only now seeking for "punitive purposes." (R. Doc. 24 at 1). Defendants also represent that the stipulation of liability is meant as a stipulation that Mr. Kenney and Smith Sawmill are "completely" liable for the automobile accident. (R. Doc. 24 at 2). Given the foregoing, Defendants argue that there is no need for a deposition of Mr. Kenney. (R. Doc. 24 at 2). Similarly, Defendants argue that there is no need for a deposition of Smith Sawmill because Plaintiff cannot recover against Smith Sawmill on a direct negligence claim. (R. Doc. 24 at 2-6).

## II.     Law and Analysis

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

In short, Plaintiff has attempted to secure the depositions of two party defendants – Mr. Kenney and Smith Sawmill – through their counsel. Defendants argue that these depositions are irrelevant, burdensome, and moot in light of the proffered stipulations.

The Court agrees with Plaintiff that the depositions fall within the scope of discovery. As a preliminary issue, the "Stipulation of Liability" proffered by Mr. Kenney and Travelers Connecticut provides that those parties "stipulate to liability" without any express statement that

Mr. Kenney and/or Smith Sawmill admit to full liability for the incident. (R. Doc. 23-3 at 2). The individual deposition of Mr. Kenney is relevant with respect to Plaintiff's claims of damages and to secure a statement, under oath, that Mr. Kenney admits to full liability for the incident.

The deposition of Smith Sawmill also falls within the scope of discovery. The Court allowed Plaintiff to amend his pleading to name Smith Sawmill as a defendant on both direct negligence and vicarious liability claims. To be clear, federal courts have made the *Erie* guess that, under Louisiana law, "a plaintiff *may not* simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when the plaintiff alleges both (a) negligence by the employee and (b) negligent hiring, training, and/or supervision by the employer; and (c) the employer stipulates that the employee acted in the course and scope of employment." *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973, at *7 (W.D. La. Nov. 9, 2016);[1] *see Meadors v. D'Agostino*, No. 18-01007-BAJ-EWD, 2020 WL 1529367, at *4 (M.D. La. Mar. 30, 2020); *Wilcox v. Harco Int'l Ins.*, No. 16-187-SDD-EWD, 2017 WL 2772088, at *2 (M.D. La. June 26, 2017); *but see Roe v. Safety Nat'l Cas. Corp.*, No. 18-01353, 2020 WL 3477071, at *5 (W.D. La. June 25, 2020) (reversing Magistrate Judge's denial of amendment on the basis of futility where the district judge found "that the Louisiana Supreme Court has and would continue to permit direct negligence claims even against an employer who is vicariously liable for the employee's negligence."). In allowing Plaintiff to allege a claim against Mr. Kenney's employer, Smith Sawmill, the Court stated that the issue of whether Plaintiff's direct negligence claim against Smith Sawmill can proceed is best addressed before the district judge.

---

[1] The First Circuit Court of Appeal of Louisiana has adopted this rationale. *See Elee v. White*, No. 2019-1633 2020 WL 4251974 (La. App. 1st Cir. July 24, 2020); *Wheeler v. United States Fire Ins. Co.*, No. 2018-1422, 2019 WL 2612903 (La. App. 1st Cir. June 13, 2019).

The decisions relied upon by the Defendants in opposing the motion to compel grant motions for partial summary judgment against the employer-defendant on direct negligence claims.  Here, Plaintiff is seeking discovery from an employee-defendant with pending claims brought against it and its employee.  Whether the stipulations submitted by defense counsel constitute valid stipulations by Smith Sawmill are best left to a decision by the district judge on a properly submitted dispositive motion.  Given the record and procedural posture of this action, the Court finds it appropriate for Plaintiff to take the deposition of Smith Sawmill to obtain relevant information with respect to the incident and the alleged claims of negligent hiring, training, and/or supervision brought against Smith Sawmill.  Plaintiff may also secure a statement, under oath, that Smith Sawmill admits it is vicariously liable for the incident and that Mr. Kenny was acting in the course and scope of employment.  To the extent Smith Sawmill seeks to have those claims dismissed, it may file an appropriate dispositive motion with the district judge.

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 23) is **GRANTED**.  The depositions of the defendants Austin Kenney and Smith Sawmill Service, LLC shall take place within **30 days** of the date of this Order, or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Set Hearing (R. Doc. 25) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**